1
2
3
4
5
6
7

HOUSING ACCESS PROJECT
Mark Potter, Esq., SBN 166317
Michelle Uzeta, Esq., SBN 164402
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
michelleu@potterhandy.com

8
9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19

James McElwain and Hilma
McDonald,

       Plaintiffs,

   v.

Jacob M Glatt and Barbara Glatt dba
Hacienda Trailer Lodge and Does 1-
10 inclusive,

       Defendants.

Case No. 2:14-cv-05578-R-SH

Plaintiff James McElwain's *Ex
Parte* Application for Temporary
Restraining Order and Order to
Show Cause why Preliminary
Injunction Should Not Issue;
Memorandum of Points and
Authorities; Declarations of Hilma
McDonald and Michelle Uzeta.

*[Proposed] TRO and Show Cause
Order filed concurrently herewith*

20
21
22
23
24
25
26

     Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff James McElwain ("Plaintiff") respectfully applies to this Court for a temporary restraining order ("TRO") enjoining Jacob M Glatt and Barbara Glatt ("Defendants"), dba Hacienda Trailer Lodge, from terminating his tenancy.  This TRO is necessary to prevent the irreparable harm that will result from allowing Defendants to evict Plaintiff.

27
28

     Plaintiff further requests that this Court issue an order to show cause why a preliminary injunction should not issue immediately after the TRO

*Ex Parte* Application for Temporary Restraining Order and Order to Show
Cause why Preliminary Injunction Should Not Issue

expires, to continue enjoining Defendants from terminating Plaintiff's tenancy. This preliminary injunction should remain in place pending a trial on the merits of the Complaint for permanent injunctive relief.

This application is made on the grounds that that:

(i) Defendants' 30 day notice was for discriminatory purposes, in violation of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 *et seq.*; the California Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*; the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and the California Disabled Persons Act, Cal. Civ. Code § 54.1 *et seq.*

(ii) Plaintiff is at immediate risk of eviction and is therefore suffering, and will continue to suffer, irreparable injury;

(iii) the balance of hardships weighs in Plaintiff's favor; and

(iv) the public interest is best served by requiring the Defendants to stop discriminating on the basis of disability.

This application is based upon this Notice; the accompanying Memorandum of Points and Authorities and the declarations of Hilma McDonald and Michelle Uzeta, all pleadings and papers on file in this action, and any argument or evidence that may be presented at the hearing on this matter, if a hearing is deemed necessary.

Pursuant to L.R. 7-19, contact information for Defendants' counsel is as follows:

Tanya J. Nazaroff
12631 E Imperial Hwy #B-107
Santa Fe Springs, CA 90670-6849
Phone Number: (562) 484-9077
e-mail: tanyanazaroff@aol.com

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

1    Notice of the instant application was provided to and acknowledged by

2  Ms. Nazaroff on June 15, 2014.  Declaration of Michelle Uzeta at ¶¶2-6.

3

4  Dated:  July 18, 2014                CENTER FOR DISABILITY ACCESS

5

6                                By:___/s/ Michelle Uzeta_____

7                                Michelle Uzeta
                               Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Ex Parte* Application for Temporary Restraining Order and Order to Show
Cause why Preliminary Injunction Should Not Issue

1

2

3   **<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

4

5   **FACTUAL STATEMENT**

Plaintiff James McElwain ("Mr. McElwain") is an individual with physical impairments due to multiple strokes, and uses a cane for mobility. Declaration of Hilma McDonald (McDonald Decl.") at ¶1.   Co-plaintiff Hilma McDonald ("Ms. McDonald"), is Mr. McElwain's mother.  Id.

Since approximately November 12, 2013, Plaintiff has rented a mobile home from Jacob M Glatt ("Glatt") and Barbara Glatt dba Hacienda Trailer Lodge ("Hacienda"), a mobile home park located at 9141 Alondra Blvd. in Bellflower, California. Id. at ¶2.   Plaintiff resides in the mobile home parked in space 17 at Hacienda.   Id. Ms. McDonald is a co-signer on Plaintiff's rental agreement.  Id.

Plaintiff's mobile home at Hacienda has had roof leaks throughout his tenancy. Id. at ¶3.   Glatt is believed to have steered Plaintiff into renting a mobile home in poor condition because he was disabled, saving better mobile homes for non-disabled renters. Id.

Plaintiff and Ms. McDonald have asked Glatt to repair the leaks in Plaintiff's mobile home on multiple occasions, as recently as May 2014.  Id. at ¶4.   Glatt has placed a tarp on Plaintiff's mobile home, but refuses to repair the leaks claiming it would be too expensive.   Id. In response to complaints from Plantiff and Ms. McDonald regarding dampness and mildew in the mobile home, Glatt has responded "open the window."  Id.

In or about May 2014, Ms. McDonald asked Glatt if Plaintiff could transfer to one of a number of newer and vacant mobile homes at Hacienda, given the condition of Plaintiff's mobile home. Id. at ¶5.   Glatt refused, telling Ms. McDonald that the newer mobile homes were for sale, not rental.

4

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

Id.  Glatt is alleged to have been lying, and to have simply not wanted to move a tenant with a disability into one of his newer mobile homes.  Id. In or about July 2014, Glatt rented the newer mobile homes to non-disabled tenants. Id.

On June 19, 2014, Glatt served Plaintiff and Ms. McDonald with a 30 day eviction notice.   Id. at ¶6.   It is believed that no other Hacienda tenants were provided 30 day notices without cause at or around that time. Id.

On or about July 3, 2014, Ms. McDonald attempted to give Glatt the rental payment for July; a timely payment, as Plaintiff's rent due day is the 12th of the month. Id. at ¶7.   Glatt refused to accept the rental payment.  Id. When Ms. McDonald asked Glatt why he was evicting Plaintiff, Glatt responded that he did not want someone who was disabled living alone at Hacienda. Id.  Glatt also stated his opinion that Plaintiff would be better off in a facility where someone could care for him, like a nursing facility or board and care.  Id. No other reason was provided by Glatt for the termination of Plaintiff's tenancy.

Plaintiff enjoys residing at Hacienda, and would like to continue living there. Id. at ¶8.   The 30 day notice served on him by Glatt has caused Plaintiff to experience emotional distress, including anxiety, frustration and sadness.  Id. He has been rendered unable to use and enjoy his home, and fears the impending loss of his housing. Id.

## ARGUMENT

A court may issue a preliminary injunction if a plaintiff demonstrates that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir.

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

2011) (citing <u>Winter v. Natural Res. Def. Council</u>, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)).   In the Ninth Circuit, courts analyze these factors along a "sliding scale" such that "a stronger showing of one element may offset a weaker showing of another." *Id.*

The function of the preliminary injunction if to preserve the status quo and prevent irreparable loss of rights before judgment.  <u>Sierra On-Line, Inc. v. Phoenix Software, Inc.</u>, 739 F.2d 1415, 1422 (9th Cir. 1984). As described herein, Plaintiff meets the standard for preliminary injunction.

A TRO is an additional remedy that may be granted when the need for immediate relief is clear and to preserve the status quo pending a hearing on a preliminary injunction. Fed.R.Civ.P. 65(b); <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439 (1974). In general, the showing required for a temporary restraining order is the same as that required for a preliminary injunction.

Here, Plaintiff can make the requisite showing for issuance of both a TRO and a preliminary injunction.

1. **<u>Plaintiff is Likely to Succeed on the Merits of his Claim that Defendants' 30-Day Notice was for Discriminatory Purposes, and Violates his Rights Under Fair Housing Law.</u>**

### A. *Fair Housing Amendments Act (FHAA)*

The Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq., as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), Pub.L. No. 100–430, 102 Stat. 1626 (1988) ("1988 Amendments"), bars housing discrimination against people with disabilities. Specifically, the FHA prohibits discrimination against qualifying people (1) "in the sale or rental, or to otherwise make unavailable or deny, a dwelling ... because of a handicap,"

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

42 U.S.C. § 3604(f)(1); (2) "in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling," 42 U.S.C. § 3604(f) (2); (3) in refusing to allow "at the expense of the handicapped person, reasonable modifications of existing premises occupied ... if such modifications may be necessary to afford ... full enjoyment of the premises," 42 U.S.C. § 3604(f)(3)(A); (4) in refusing to make "reasonable accommodations" to rules, policies, and services, "when such accommodations may be necessary to afford ... equal opportunity to use and enjoy a dwelling, 42 U.S.C. § 3604(f)(3)(B); and (5) in designing and constructing certain multifamily dwellings first occupied thirty months after September 13, 1988, 42 U.S.C. § 3604(f)(3)(C).

For purposes of this Application, which seeks an order of injunctive relief to halt the unlawful termination of his tenancy, Plaintiff must establish a likelihood of success on his claim of intentional discrimination under FHAA, specifically 42 U.S.C. § 3604(f)(1).[1]

Courts employ the McDonnell Douglas[2] burden-shifting framework to analyze claims of intentional discrimination. Budnick v. Town of Carefree, 518 F.3d 1109, 1114 (9th Cir.2008). Plaintiff must first make out a prima facie case of intentional discrimination by showing direct or circumstantial evidence that a discriminatory reason is more likely than not the motivating reason for the Defendants' actions. Id. at 1114–15. If Plaintiff meets this requirement, the burden shifts to the Defendants to articulate a legitimate nondiscriminatory reason for their actions, and then Plaintiff must prove by a preponderance that Defendants' purported reason is a pretext for

---

[1] It should be noted that McElwain and McDonald's underlying lawsuit alleges additional claims of discrimination, including but not limited to steering, failing to accommodation and and making statements of preference. The entirety of the their claims are not discussed herein; as this Application seeks preliminary injunctive solely to address Defendants' unlawful actions related to the termination of McElwain's tenancy.

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

discrimination. Id.

Here, the evidence is direct and overwhelming that Defendants' selectively chose to terminate Plaintiff's tenancy because of his disability. When asked why he was evicting Plaintiff, Glatt told Ms. McDonald that he did not want a disabled person living alone at Hacienda.  Glatt also told McDonald that Plaintiff would be better off in a facility, such as a nursing home or board and care.  No other reason was provided by Glatt for the termination of Plaintiff's tenancy, and no other tenants are believed to have been were noticed to vacate their mobile homes without cause at the time.

Plaintiff anticipates that Defendants will argue that Plaintiff's rental agreement was for a month-to-month tenancy, and therefore was able to be terminated without cause at any time upon 30 days' notice.  However, it is well established that a landlord cannot terminate even a month-to-month lease for discriminatory reasons. See Bills v. Hodges, 628 F.2d 844, 845 (4th Cir. 1980) (relief granted under Fair Housing Act despite fact that plaintiffs tenancy was month-to-month); Gorski v. Troy, 929 F.2d 1183, 1185 (7th Cir. 1991) (same); Williams v. Devies, 1997 WL 14778, at * (6th Cir. Jan. 15, 1997) (same); cf. Okoli v. Baltimore, 648 F.3d 216, 223 (4th Cir. 2011) (at-will employee may not be terminated with discriminatory purpose)."

### B.  State Law[3]

The California Fair Employment and Housing Act (FEHA) prohibits "a refusal to make reasonable accommodations in rules, policies, practices, or services when these accommodations may be necessary to afford a disabled person equal opportunity to use and enjoy a dwelling." Cal. Gov't Code §

---

[3] Although Plaintiff is confident he will also prevail on his Unruh and Disabled Persons Act claims, for the sake of brevity and because he is clearly entitled to the injunctive relief he now seeks under FHAA and FEHA, those claims are not discussed herein.

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

12927(c)(1). The FEHA was written to "to conform California law on the subject of fair housing to the Federal Fair Housing Act." <u>Broodmore San Clemente Homeowners' Assn. v. Nelson</u>, 25 Cal.App.4th 1, 5–7, 30 Cal.Rptr.2d 316 (1994).

The elements to prove Plaintiff's claims under FEHA are the same as those under the FHAA, as reviewed above. Because Plaintiff has established he is likely to prevail on his FHAA claim, he is also likely to prevail on his FEHA claim.

**2.   <u>Plaintiff is Likely to Suffer Irreparable Harm Absent Preliminary Relief</u>**

A showing of a substantial likelihood that a defendant has violated the federal Fair Housing Act is sufficient, by itself, to create a presumption of irreparable harm. <u>Silver Sage Partners v. City of Desert Hot Springs</u>, 251 F.3d 814, 827 (9th Cir.2001) ("irreparable injury may be presumed from the fact of discrimination and violations of fair housing statutes").

Even if not presumed, Plaintiff could meet his burden of demonstrating irreparable harm.  "[I]njuries to individual dignity and deprivations of civil rights constitute irreparable injury." <u>Cupolo v. Bay Area Rapid Transit</u>, 5 F.Supp.2d 1078, 1084 (N.D. Cal., 1997) (citing <u>Chalk v. United States Dist. Court</u>, 840 F.2d 701, 710 (9th Cir. 1988).  Moreover, plaintiffs, such as Mr. McElwain, are "likely to suffer irreparable harm absent preliminary relief because they face[ ] eviction from their rental unit[ ]." <u>Park Village Apartment Tenants Association v. Mortimer Howard Trust</u>, 636 F.3d 1150, 1159 (9th Cir.2010).

**3.   <u>The Balance of Hardships Heavily Favor Plaintiff</u>**

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

The balance of hardship weighs strongly in Plaintiff's favor. The harm Plaintiff faces from eviction and relocation far outweighs any potential detriment Defendants may endure by continuing Plaintiff's tenancy. Defendants will be in the same position they have been for the last eight months.

### 4. <u>The Public Interest is Best Served Through Issuance of an Injunction</u>

The public interest in protecting against unlawful housing discrimination weighs in Plaintiff's favor. Both federal and California law favor the protection of those with disabilities in obtaining and maintaining housing without being subject to discrimination. See 42 U.S.C. § 3601 ("It is the policy of the United States to provide, within constitutional limitations, for fair housing throughout the United States.")[4]; Cal. Gov.Code § 12921 ("The opportunity to seek, obtain, and hold housing without discrimination because of ... disability ... is hereby recognized as and declared to be a civil right."). The issuance of a preliminary injunction would serve the public's interest in preventing injustice in relation to housing to those with disabilities.

### <u>PLAINTIFF SHOULD NOT BE REQUIRED TO POST A BOND</u>

Plaintiff requests that he not be required to post an injunction bond if his Application is granted. Federal Rule of Civil Procedure 65(c) "invests the district court 'with discretion as to the amount of security required, if any.'" <u>Jorgensen v. Cassiday</u>, 320 F.3d 906, 919 (9th Cir. 2003)(emphasis in original; quoting <u>Barahona-Gomez v. Reno</u>, 167 F.3d 1228, 1237 (9th Cir.

---

[4] Indeed, the Fair Housing Act permits the Attorney General to "vindicate the public interest" while simultaneously allowing private persons to enforce the Fair Housing Act. §§ 3613 and 3614(d)(1)(c).

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

1999).  A district court has the discretion to disperse with the security requirement where giving security would effectively deny access to judicial review (Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1126 (9th Cir. 2004)(citation omitted));  where the plaintiffs are indigent (Walter v. Pierce, 665 F. Supp. 831, 844 (N.D. Cal. 1987)); when it concludes there is "no realistic likelihood of harm to the defendant from enjoining his or her conduct" (Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir.2009) (quoting Jorgensen, 320 F.3d at 919)); and/or "where the movant has demonstrated a likelihood of success" (Ticketmaster L.L.C. v. RMG Techs., Inc., 507 F.Supp.2d 1096 (C.D.Cal.2007)).

Here, an injunction bond is not necessary.  Plaintiff has demonstrated a likelihood of success on his claims.  Additionally, there is no harm to Defendants in continuing Plaintiff's tenancy.  Finally, requiring a bond would effectively deny Plaintiff, an individual with disabilities dependent on public benefits, access to judicial review by this Court. Plaintiff therefore asks that the Court utilize its discretion to dispense with the security requirement.

## **CONCLUSION**

For the foregoing reasons, the Court should issue a mandatory preliminary injunction enjoining Defendants Jacob M Glatt and Barbara Glatt from terminating Plaintiff's tenancy.

Dated:  July 18, 2014          CENTER FOR DISABILITY ACCESS

By:    /s/ Michelle Uzeta
Michelle Uzeta
Attorneys for Plaintiff

*Ex Parte* Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should Not Issue

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12

*Ex Parte* Application for Temporary Restraining Order and Order to Show
Cause why Preliminary Injunction Should Not Issue