UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES MCELWAIN AND HILMA MCDONALD, | ) ) ) | CASE NO.  CV 14-5578-R |
| Plaintiffs, | ) ) ) | ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER |
| v. | ) ) | |
| JACOB M GLATT AND BARBARA GLATT dba HACIENDA TRAILER LODGE AND DOES 1-10 INCLUSIVE, | ) ) ) ) | |
| Defendants. | ) ) | |

Before the Court is plaintiffs James McElwain and Hilma McDonald's "Ex Parte Application for Temporary Restraining Order and Order to Show Cause why Preliminary Injunction Should not Issue" ("Motion"), which was filed on July 18, 2014. Defendants were given notice of the Motion personally and through their attorney but they have not filed an opposition.

**I. Complaint's Allegations**

The following is a short summary of the factual allegations of the complaint: McElwain "has physical impairments due to multiple strokes, and uses a cane for mobility." Compl. ¶ 5. Defendants are the "owners, operators and/or managers of the Hacienda Trailer Lodge mobile

1 home park . . . ." *Id.* ¶ 7. Since approximately November 12, 2013 McElwain has rented a mobile
2 home from Defendants. *Id.* ¶ 10. The other plaintiff, Hilma McDonald, is McElwain's mother and
3 is a co-signor on McElwain's rental agreement with Defendants. *Id.* ¶¶ 6, 11.

4 McElwain's mobile home has had roof leaks throughout his tenancy. *Id.* ¶ 12. Defendant
5 Jacob Glatt ("Glatt") steered McElwain into renting a mobile home in poor condition because of
6 McElwain's disability, and saved the better mobile homes for non-disabled renters. *Id.* McElwain
7 and McDonald have asked Glatt to fix the leaky roof. *Id.* ¶ 13. Glatt has put a tarp on the roof but
8 refuses to fix the roof because he claims it would be too expensive. *Id.* In response to complaints
9 about mildew and dampness in the mobile home Glatt has told Plaintiffs to "open the window." *Id.*

10 "In or about May 2014" McDonald asked Glatt if McElwain could transfer to one of the
11 newer vacant mobile homes at the park due to the condition of McElwain's current mobile home.
12 *Id.* ¶ 14. "Glatt refused, telling Ms. McDonald that the newer mobile homes were for sale, not
13 rental." *Id.* "In or about July 2014, Glatt rented both newer mobile homes to non-disabled
14 tenants." *Id.*

15 "On June 19, 2014, Glatt served Plaintiffs with a 30 day eviction notice." *Id.* ¶ 15. "On
16 information and belief, no other Hacienda tenants were provided 30 day notices in June 2014."
17 *Id.* ¶ 16. McDonald attempted to give Glatt the rental payment for July on or about July 3, 2014,
18 but Glatt refused. *Id.* ¶ 17. This payment offer was timely because rent is due on the 12th of the
19 month. *Id.* When McDonald asked Glatt why he was evicting McElwain, Glatt responded with
20 words to the effect that he did not want somebody who was disabled living alone at the mobile
21 home park. *Id.* Glatt also "stated his opinion that Mr. McElwain would be better off in a facility
22 where someone could care for him, like a nursing facility or board and care." *Id.*

23 **II. Analysis**

24 The purpose of a temporary restraining order ("TRO") is to "preserve the status quo and
25 prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C.*
26 *(USA)*, 844 F.Supp.2d 1099, 1100 (S.D. Cal. 2012).

27 The standard for a TRO and a preliminary injunction are the same. *Frontline Med. Assoc.,*
28 *Inc. v. Coventry Healthcare Workers Comp., Inc.*, 620 F.Supp.2d 1109, 1110 (C.D. Cal. 2009). A

2

plaintiff seeking a TRO must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

*A. Likelihood of Success on the Merits*

In the Motion Plaintiffs rely on their claims under the Fair Housing Amendments Act ("FHAA") and the California Fair Employment and Housing Act ("FEHA").

The provision of the FHAA that is applicable here is Title 42 U.S.C. § 3604(f), which makes it unlawful to undertake various types of discriminatory actions against handicapped persons in connection with the sale or rental of housing. Based on the evidentiary materials, the complaint, and the lack of response by Defendants, Plaintiffs have shown that they are likely to succeed in showing that Defendants violated certain provisions of § 3604(f).

For example, the evidence indicates that Defendants rented McElwain a sub-standard mobile home because of his disability. McDonald Decl. ¶ 3. This likely constitutes a violation of Title 42 U.S.C. § 3604(f)(1), which makes it unlawful to "make unavailable or deny [] a dwelling to any buyer or renter because of a handicap." Title 42 U.S.C. § 3604(f)(1). By allegedly refusing to rent McElwain one of the better mobile homes, Defendants also may have violated Title 42 U.S.C. § 3604(f)(2), which makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling" because of a handicap of that person.

Plaintiffs have shown that they are likely to succeed on the merits of their claims under the FHAA. They are also likely to succeed on their claims under the FEHA because that statute was written "to conform California's housing statutes to federal law." *Broadmoor San Clemente Homeowners Assn. v. Nelson*, 25 Cal.App.4th 1, 8 (1994).

*B. Irreparable Harm*

In the absence of preliminary injunctive relief McElwain is likely to be evicted from his home. This constitutes irreparable harm. *Park Village Apartment Tenants Assn. v. Mortimer Howard Trust*, 636 F.3d 1150, 1159 (9th Cir. 2011).

/ / / / /

*C. Public Interest*

It is in the public interest to ensure that individuals have equal access to housing opportunities regardless of their disabilities. The public interest favors granting the motion.

*D. Balance of Equities*

The equities weigh in favor of Plaintiffs. The evidence they have presented shows that Defendants have discriminated against McElwain on the basis of his disability. Defendants, for their part, have not offered any evidence or argument regarding their purported reasons for seeking to evict McElwain.

*E. A Bond is not Warranted*

It appears that Plaintiffs are paying the rent and are not harming the property or causing any type of disturbance. Therefore no harm would come from temporarily requiring Defendants to continue the tenancy. No bond is required here.

IT IS HEREBY ORDERED that the Motion is granted and Defendants are enjoined from terminating Plaintiffs' tenancy. Plaintiffs must serve a copy of this order on Defendants and Defendants' counsel no later than July 30, 2014.

IT IS HEREBY FURTHER ORDERED that a hearing on an order to show cause why a preliminary injunction should not issue will be held before this Court on August 11, 2014 at 11:00 a.m. The parties or their counsel must appear at this hearing. Defendants must file their position with respect to the order to show cause by August 4, 2014 and Plaintiffs must file their response to Defendants' filing by August 7, 2014. No other filings will be considered by the Court. This order shall remain in effect at least until the time of the August 11, 2014 hearing.

Dated: July 28, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE